# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | (For **Revocation** of Probation or Supervised Release) |

| | |
| --- | --- |
| **CURTIS PATRICK CARR** | Case Number: CR 13-4005-1-MWB |
| | USM Number: 09539-030 |
| | Max Wolson |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ admitted guilt to violation(s)  1 a-c, 2, 3, 4 a-c, 5, 6, 7, 8, 9, 10 a-b, and 11  of the term of supervision.

☐ was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| 1 a-c, 6 | Failure to Comply with Drug Testing | February 5, 2013 |
| 2 | Failure to Submit Monthly Report | January 5, 2012 |
| 3 | Failure to Notify USPO of Change in Employment | January 10, 2013 |
| 4 a-c, 7 | Use of a Controlled Substance | February 14, 2013 |
| 5, 9 | Association with Persons Engaged in Criminal Activity | February 4, 2013 |
| 8 | Failure to Provide Truthful Information to USPO | February 4, 2013 |
| 10 a-b | Failure to Comply with RRC Rules | February 28, 2013 |
| 11 | Travel Outside Judicial District Without Permission | March 4, 2013 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant was not found in violation of _____ and is discharged as to such violation(s).

☐ The Court did not make a finding regarding violation(s) _____

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 29, 2013
Date of Imposition of Judgment

*Mark W. Bennett* (signature)
Signature of Judge

Mark W. Bennett, U.S. District Judge
Name and Title of Judge

4.30.13
Date

| | |
|---|---|
| DEFENDANT: | **CURTIS PATRICK CARR** |
| CASE NUMBER: | **CR 13-4005-1-MWB** |

Judgment — Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **14 months.**

■ The court makes the following recommendations to the Bureau of Prisons:
**The defendant be designated to FCI Oxford, Wisconsin, or a Bureau of Prisons facility in close proximity to his family which is commensurate with his security and custody classification needs.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ a _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2:00 p.m. _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       **CURTIS PATRICK CARR**
CASE NUMBER:    **CR 13-4005-1-MWB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   **2 years.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

☐   The above drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any persons convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **CURTIS PATRICK CARR**
CASE NUMBER: **CR 13-4005-1-MWB**

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in an approved treatment program for mental health/substance abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment and random urinalysis, as directed by the Probation Officer. Participation may also include compliance with a medication regimen. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. The defendant shall not use alcohol or other intoxicants during and after the course of treatment.

2. The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

3. The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the U. S. Probation Officer.

4. The defendant shall pay restitution to the victims in the amount of $5,810.17. The defendant shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office. The defendant may be required to participate in an IRS offset program which may include the garnishment of wages, or seizure of all or part of any income tax refund to be applied toward the restitution balance. You may be required to participate in the Treasury Offset Program which would include the seizure of any government payment to be applied toward the restitution balance.

5. The defendant must reside in a Residential Reentry Center for a period of up to 180 days. This placement must be in the community corrections component with work release privileges. While a resident of the Residential Reentry Center, the defendaant must abide by all rules and regulations of the facility. The defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center, and the U.S. Probation Office.

Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition(s) of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____  _____
Defendant                     Date


_____  _____
U.S. Probation Officer/Designated Witness    Date